United States District Court
Southern District of Texas

**ENTERED**

April 01, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDDIMAR CESPEDES DE RONDON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00673 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Eddimar Cespedes de Rondon's Amended Petition for Writ of Habeas Corpus (ECF No. 10) and Respondents' Response and Motion for Summary Judgment (ECF No. 13). For the following reasons, the Court now **VACATES** the Court's Order of February 4 (ECF No. 7), **GRANTS IN PART** the First Amended Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a 56-year-old citizen of Venezuela who entered the United States without inspection on or about December 12, 2021. ECF No. 13 at 2. After initial entry, DHS exercised its discretion and released Petitioner on recognizance. ECF No. 10 at 8, 10. While released, Petitioner complied with all conditions—she has appeared at all removal hearings and ICE supervision appointments for five years. *Id.* Nonetheless, Respondents re-detained Petitioner on January 8, 2026. ECF No. 1 at ¶ 19. She remains in custody. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 13 at 2.

1 / 4

On February 4, 2026, this Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. ECF No. 7. Following that order, the Fifth Circuit issued its decision in *Buenrostro-Mendez v. Bondi*, No. 25- 20496, ---- F.4th ---- 2026 WL 323330 (5th Cir. Feb. 6, 2026). Pursuant to that decision, on February 13, 2026, an IJ denied bond, finding: "No jurisdiction under Buenrostro-Mendez v. Bondi." ECF No. 9-1, Exh. 1.

## I.    ANALYSIS

This Court agrees with Respondents that Petitioner is properly subject to § 1225 under *Buenrostro-Mendez*, which forecloses Petitioner's statutory claim. ECF No. 9 at 2-5. Therefore, the relief previously ordered by this Court—a bond hearing under § 1226—is not the appropriate relief for Petitioner. The previous order must be vacated.

However, in both the first Petition and the Amended Petition, Petitioner argues that her re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. ECF No. 13 at ¶¶ 37-46. The Court agrees that Petitioner's continued, indefinite detention violates her due process rights.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*,

2 / 4

591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

## II.    RELIEF

The Court therefore **ORDERS** as follows:

1. The Court's Order of February 4 (ECF No. 7) is hereby **VACATED**.

2. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of her prior release order.

3. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel or next friend of the time and place of her release **no less than three hours** prior to her release from custody.

4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 6, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 17, 2026.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on April 1, 2026.

Keith P. Ellison
United States District Judge